Appeal. — The appeal was brought up by the appellee, within fifteen days preceding the term; and now Overton, for the appellee, moved for an affirmance of the judgment below, with the addition of 12½ per cent interest, and double costs, agreeably to act of assembly, for failing to bring up the appeal, and prosecuting the same with effect. *Page 3 
This being a new case, the court requested it to be argued. No instance of the kind had occurred, west of Cumberland Mountain.
A practice before this time had obtained, for parties cast in the County Court to appeal, give bond and security, and there drop the appeal, making it the means of delay only.
It had been conceived that the County Court still retained the cause, and that if the appellant did not at the next succeeding Superior Court, in due time, carry up his appeal, the appellee could not; and the County Court might after that time issue execution, which they did
Sed per Curiam. After the appeal is entered in the court below, the authority of that court over the cause ceases. If the appellant fail to bring it up, the appellee may.[1]
The motion is proper, let it have its effect.
ORIGINAL NOTE. — The principal case says, "After the appeal is entered in the court below, the authority of that court over the cause ceases." And this language is, in effect, repeated in Nicholsv. Colvill, infra, 82. But this language is qualified by the subsequent decisions, so as to make the appeal final only from the end of the term. Staggs v. State, 3 Hum. 372; Davis v. Jones, 3 Head, 603. During the term, the appeal may be set aside, and an amendment allowed. Hall v. Bewley, 11 Hum. 106; Decatur Bank v. Berry, 3 Hum. 590.
The principal case is cited in our digests as sustaining the doctrine that an appeal vacates the judgment or decree of the inferior court. But the case itself only goes to the extent of holding that, after the appeal, the authority of that court over the cause ceases. No decision of our courts has directly determined that the appeal vacates the judgment below, although the language of Nicholsv. Colvill is that it "ceases to exist;" and the learned judge who delivers the opinion of the court in Furber v.
Carter, 2 Sn. 1, which was the case of an appeal in the nature of a writ of error, says, arguendo, that the appeal operates, not only to put an end to all further control of the inferior court, but to "annul the judgment." On the other hand, the learned judge who delivers the opinion of the court in Maskall v. Maskall, 3 Sn. 208, which was the case of an appeal, says the effect of the appeal "is to annul or make void (or at least suspend) the judgment appealed from," citing 3 Bouv. Inst. 10; Kemp v.
Kennedy, 5 Cr. 172; Turner v. Bank of America, 4 Dall. 11. In Franklin v. Franklin, 2 Sn. 521, it was held that the dismissal, by the appellant, of an appeal from the decree of a court of chancery, and the entry of an order in the Supreme Court, remanding the cause for further proceedings according to the directions of the court below, "leave the decree in the same condition as if there had been no appeal." This ruling is cited as correct in Maskall v. Maskall, with the remark that, "if, after the appellant takes his appeal, he concludes voluntarily to dismiss it, he thereby, in effect, agrees to acquiesce in the decree of the court below, waives his right to a hearing in this court, and leaves the case precisely as it was before the appeal was taken." The decision of the effect of the dismissal of an appeal was expressly waived in the previous case of Dossett v. Miller, 3 Sn. 74; and the Reporter's head-note to the contrary is an oversight. In that ease, the plaintiff in a suit before a magistrate appealed from the judgment against him, and afterwards, in the Circuit Court, dismissed not merely the appeal, but his suit; and it was held that the justice's judgment was not thereby revived.
If, however, either party die pending an appeal, the suit, and not the appeal, abates. Maskall v. Maskall, 3 Sn. 208.
An appeal in the nature of a writ of error, and a writ of error, all the cases agree, only suspends the judgment of the inferior court, and either a dismissal or abatement revives the judgment or decree below. Kimbrough v. Mitchell, 1 Head, 539; Thomassonv. Kercheval, 10 Hum. 322; Dougherty v. Hurt's Heirs, 6 Hum. 430. A mere neglect to prosecute will, however, not have the same effect; in that case some action of the appellate court is necessary to remove the suspension. Furber v. Carter, 2 Sn. 1.
In Maskall v. Maskall, 3 Sn. 208, the court say,arguendo: "By the Act of 1819, Ch. 31, it is provided that if an appeal is taken from the Chancery to the Supreme Court, the cause shall be tried as if it had originally commenced in the Supreme Court." There can be no doubt that an appeal opens for revision every proceeding in the cause, in equity suits, so that the Supreme Court can determine the rights of the appellant, "as though no decree had ever been pronounced," going back, for this purpose, over the whole record. Morris v. Richardson, 11 Hum. 389. The same is true of appeals at law. Joslyn v. Sappington, 1 Tenn. 222; Welshv. Marshall, 6 Y. 455. Williams v. Greer, 4 Hay. 235; Chambers v. Haley, Peck, 159; Campbell v.
Wallen, M. Y. 269. But whether the appeal of one party brings up the whole case so as to enable the court to pass, also, upon the rights of the appellee in matters not appealed from by him, is not so clear. The practice of the Supreme Court was, for years after the writer was admitted to appear before it, to consider the appeal as opening the whole case for all parties. And to this effect is Greenwayv. Greer and others, 5 Hum. 26, 36. Afterwards, doubts of the correctness of this practice seemed to be entertained by the court; and appellees, who sought a modification of decrees below, usually went through the form of giving security for a writ of error. The point has never been directly decided at Nashville; but Mr. Heiskell, in his Dig. I. 156, cites Brown v. Myers, MS. Knoxville, 1850, as authority for the ruling that "a party who does not appeal cannot assign errors; as an appellee who has succeeded below."
The Act of 1819, 31, seems not to have been brought into the Codein hæc verba. Its place is supplied by section 3167. And see also, section 3159.
[1] 1 Hen. Mun. 21; 1 Call, 241.